# EXHIBIT 1





Form 1.997
**Civil Cover Sheet**

The civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075.

**I.   CASE STYLE**

CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

SAFEGUARD SUPPORT SERVICES, LLC,                   CASE NO.:   **11 - 1 0 1 4 5**

        Plaintiff                                                  Judge:

v.

NATIONWIDE REFERRAL SERVICES, LLC,
d/b/a NATIONAL LEGAL REFERRAL SERVICE,
a foreign limited liability company, and
LEGAL HELPERS DEBT RESOLUTION, LLC,
a foreign limited liability company,
a/k/a MACEY, ALEMAN, HYSLIP & SEARNS,

        Defendants

FILED FOR RECORDS
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FLORIDA
2011 MAY -2  PM 1: 39
CIRCUIT CIVIL

**II.   TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an X in both the main category and the subcategory boxes.

- ☐ Condominium
- ☐ Contracts and indebtedness
- ☐ Eminent domain
- ☐ Auto negligence
- ☐ Negligence – other
  - ☐ Business governance
  - ☐ Business torts
  - ☐ Environmental/Toxic tort
  - ☐ Third party indemnification
  - ☐ Construction defect
  - ☐ Mass tort
  - ☐ Negligent security
  - ☐ Nursing home negligence
  - ☐ Premises liability – commercial
  - ☐ Premises liability – residential
- ☐ Products liability

- ☐ Real Property / Mortgage foreclosure
  - ☐ Commercial foreclosure $0-$50,000
  - ☐ Commercial foreclosure $50,001-$249,999
  - ☐ Commercial foreclosure $250,000 or more
  - ☐ Homestead residential foreclosure $0 - $50,000
  - ☐ Homestead residential foreclosure $50,001 - $249,999
  - ☐ Homestead residential foreclosure $250,000 or more
  - ☐ Non-homestead residential foreclosure $0 - $50,000
  - ☐ Non-homestead residential foreclosure $50,001 - $249,999
  - ☐ Non-homestead residential foreclosure $250,000 or more
  - ☐ Other real property actions $0 – $50,000

☐ Other real property actions $50,001 –
$249,999
☐ Other real property actions $250,000 or
more
☐ Professional malpractice
☐ Malpractice – business
☐ Malpractice – medical
☐ Malpractice – other professional
☑ Other
☐ Antitrust / Trade regulation
☑ Business transactions

☐ Constitutional challenge – statute or ordinance
☐ Constitutional challenge – proposed amendment
☐ Corporate trusts
☐ Discrimination – employment or other
☐ Insurance claims
☐ Intellectual property
☐ Libel/Slander
☐ Shareholder derivative action
☐ Securities litigation
☐ Trade secrets
☐ Trust litigation

## III.   REMEDIES SOUGHT (Check all that apply):

☑ Monetary;
☑ Non-monetary declaratory or injunctive relief;
☐ Punitive

## IV.   NUMBER OF CAUSES OF ACTION: [   10   ]

(Specify) Breach of Contract; Negligent Misrepresentation; Breach of 3rd Party Beneficiary
Contract; Breach of Fiduciary Duty; Conversion; Unjust Enrichment; Civil Conspiracy;
Accounting; Declaratory Judgment; & Quantum Meruit

## V.   IS THIS CASE A CLASS ACTION LAWSUIT?

☐ Yes

☑ No

## VI.   HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?

☑ No

☐ Yes - If "yes", list all related cases by name, case number and court.

## VII.   IS JURY TRIAL DEMANDED IN COMPLAINT?

☑ Yes

☐ No

## VIII.   IS TRIAL EXPECTED TO LAST MORE THAN TEN (10) TRIAL DAYS (2 WEEKS)?

☐ Yes

☑ No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   FL Bar # 0101818_____
             Attorney or Party                  (Bar # if attorney)

_____Bradley A. Tobin_____   _____April 20, 2011_____
      Type or Print Name Date                  Date



IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

**18**

SAFEGUARD SUPPORT SERVICES, LLC,

                    Plaintiff,

                                         CASE NO.      **11 - 1 0 1 4 5**

v.

NATIONWIDE REFERRAL SERVICES, LLC,
  d/b/a NATIONAL LEGAL REFERRAL SERVICE,
  a foreign limited liability company, and
LEGAL HELPERS DEBT RESOLUTION, LLC,
  a foreign limited liability company,
    a/k/a MACEY, ALEMAN, HYSLIP & SEARNS,

                    Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Plaintiff, SAFEGUARD SUPPORT SERVICES, LLC ("Safeguard" or "Plaintiff"), by

and through undersigned counsel, hereby sues Defendants, NATIONWIDE REFERRAL

SERVICES, LLC, d/b/a NATIONAL LEGAL REFERRAL SERVICE ("Nationwide") and LEGAL

HELPERS DEBT RESOLUTION, LLC a/k/a MACEY, ALEMAN, HYSLIP & SEARNS, ("Legal

Helpers") (collectively referred to as "Defendants"), for damages related to, among other

things, Defendants' failure to pay Plaintiff earned compensation in contravention of their

legal duties to do so, and in support states as follows:

## JURISDICTION AND VENUE

1.      This is an action for damages that exceed $15,000.00, exclusive of court costs,

interest and attorney's fees, and is within the jurisdiction of this court.

1

2.     Plaintiff, Safeguard, is a Florida limited liability company providing marketing related services from its principle place of business in Broward County, Florida, at all times material hereto.

3.     Defendant, Legal Helpers, a Nevada limited liability company and law firm, entered into a branch office management agreement (the "Branch Office Agreement") with Safeguard under which Safeguard provided administrative and marketing services to Legal Helpers' debt resolution business in exchange for compensation paid to Safeguard at its place of business in Broward County, Florida, at all times material hereto.

4.     Defendant, Nationwide, a New Jersey limited liability company, provided certain third-party support services to Safeguard, including paying earned funds to Safeguard at Plaintiff's principle place of business in Broward County, Florida, at all times material hereto.  Plaintiff's claims accrued in Broward County, Florida.

5.     Safeguard has performed all conditions precedent necessary to the maintenance of this action.

## FACTUAL ALLEGATIONS

6.     In June of 2009, Safeguard and Legal Helpers[1] entered into the Branch Office Agreement.  Pursuant to said agreement, Safeguard operated and provided certain branch office administrative and marketing services in the furtherance of Legal Helpers' debt resolution business.  In exchange, Legal Helpers was obligated to pay Safeguard certain fees based upon the services Plaintiff rendered to Legal Helpers' clients.

7.     Legal Helpers chose to contract away certain functions, services and obligations that it had under the Branch Office Agreement to Defendant, Nationwide,

---

[1] Legal Helpers Debt Resolution, LLC, is the successor entity to the branch office management agreement.

including the obligation to ensure proper allocation, disbursement and/or payment of funds owed to Safeguard.

8.      Legal Helpers' clients would deposit funds on a monthly basis into accounts at a bank designated by Legal Helpers, which were then held in escrow. Those funds are ultimately used by Legal Helpers to pay the debt obligations that were negotiated on behalf of its clients, as well as a specified portion to Legal Helpers for its services. Likewise, these funds are the source from which both Safeguard and Nationwide were paid for their respective services.

9.      Defendant Nationwide and Legal Helpers had previously entered into a back office agreement (the "Back Office Agreement") under which Nationwide provided back-office support services to Legal Helper's debt consolidation business. Such support services included, accounting, negotiations with creditors, banking, payment and logistical support services for debt consolidation transactions.

10.     Nationwide acted and acts as a fiduciary and, based upon information and belief, escrow agent for the accounts holding the escrowed funds utilized to pay the aforementioned debt obligations, fees and costs.

11.     Legal Helpers provides Nationwide with information and direction on how the respective escrowed funds, including fees, are to be allocated for each transaction in which Safeguard is owed a fee.

12.     In disbursing payments to Safeguard from the foregoing bank accounts, Nationwide exercises authority and discretion in dictating how Safeguard is paid its fees earned and owed for services rendered to Legal Helpers.

13.     Based upon the underlying facts and relationships, Safeguard was a third-party beneficiary to the Back Office Agreement and relationship between Nationwide and Legal Helpers

14.     Operating under the above contractual arrangements, Legal Helpers' business was a success and all parties involved reaped the economic benefits from the business venture.   Until December of 2009, both Defendants, Legal Helpers and Nationwide, performed their respective obligations to Safeguard by tendering payment to Plaintiff on a weekly basis for fees Safeguard earned.

15.     In or about December of 2009, Nationwide's two (2) principals, John Lembo ("Lembo") and Mark Mancino ("Mancino") met with Safeguard's managing members to discuss a proposal.  Nationwide asked that Safeguard allow Nationwide to "hold back" or refrain from disbursing fifty percent (50%) of Safeguard's earned fee for thirty (30) days. In exchange, Nationwide would also hold back or refrain from disbursing fifty percent (50%) of its earned fess for thirty (30) days as well.  Safeguard agreed to the proposed hold back agreement.

16.     On or about December 18, 2009, Nationwide paid Safeguard fifty percent (50%) of its earned fee as the parties had agreed.  However, Nationwide continued paying Safeguard only fifty percent (50%) of its earned fees from December 18, 2009 until March 12, 2010, despite the terms of the Hold Back agreement.

17.     Moreover, since March 12, 2010, Nationwide has failed to make any payments to Safeguard for its earned fees that have continued to accrue since that date for services that Plaintiff has provided to Legal Helpers.

4

18.     Legal Helpers is both aware of and complicit in the failure to ensure that Safeguard has been compensated for services rendered.

19.     Both Defendants have orchestrated a conspiracy with each other to deprive Safeguard of the large sums of monies owed to Plaintiff and thwart its efforts to recover such owed funds.   Defendants are aware of the promises, obligations and misrepresentations that each other Defendant has made to Plaintiff with regard to non-payment of the funds owed, yet have allowed Plaintiff to be mislead by such promises and misrepresentations, intentionally depriving Plaintiff of its earned funds in order that they may enjoy the use of Plaintiff's money.

20.     The amount of unpaid monies that Defendants have failed to pay and owe to Safeguard is approximately seven million dollars ($7,000,000.00) to date, and said debt continues to accrue at the rate of approximately $100,000.00 per week.

21.     Both Defendants continue to collect, control, utilize and manage the accounts holding Safeguard's funds.

22.     Despite the fact that Safeguard has earned these fees and demanded same, Defendants have breached their respective duties and obligations by failing to protect, ensure and complete payment of the funds owed to Safeguard.

23.     Plaintiff has suffered damages as a direct and proximate result of Defendants' illegal conduct.

24.     Plaintiff has been required to retain undersigned counsel to represent it in this matter and has agreed to pay a reasonable fee for said service.

## COUNT I – BREACH OF CONTRACT
### (Nationwide)

25.   Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

26.   Plaintiff and Defendant entered into an oral agreement, whereby Plaintiff agreed to allow Defendant to defer fifty percent (50%) of payments owed to Plaintiff for a thirty (30) day period in exchange for Defendant also agreeing to defer paying itself earned fees for a thirty (30) day period.

27.   Defendant breached the parties' agreement by failing to pay Plaintiff its earned funds pursuant to the agreed upon terms.

28.   Plaintiff has been damaged as a direct and proximate result of Defendant's breach of the parties' contractual agreement.

**WHEREFORE**, Plaintiff, prays this Court to enter judgment against Defendant, in favor of said Plaintiff awarding it actual and compensatory damages, attorney's fees, costs (including expert), prejudgment interest and such additional relief as the Court deems just and equitable.

## COUNT II – NEGLIGENT MISREPRESENTATION

29.   Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

30.   Defendants made false statements, assertions and representations to Plaintiff regarding material facts, including, but not limited to, that Plaintiff would receive compensation earned for services that Plaintiff rendered to Legal Helpers on behalf of its clients; and that Plaintiff would receive compensation owed if it deferred payment for same under the Hold Back Agreement.

31.   Defendants should have known with the exercise of reasonable care under the applicable circumstances that the representations statements and assertions made to

Plaintiff were false.

32.     Defendants intended that Plaintiff would rely upon such representations, statements and assertions.

33.     Plaintiff reasonably relied upon the Defendants' false statements.

34.     Plaintiff has suffered damages in justifiable reliance upon and as a direct and proximate result of Defendants' misrepresentations.

**WHEREFORE**, Plaintiff, prays this Court to enter judgment against Defendants in favor of said Plaintiff awarding it actual and compensatory damages, attorney's fees, costs (including expert), prejudgment interest and such additional relief as the Court deems just and equitable.

### COUNT III – BREACH OF THIRD-PARTY BENEFICIARY CONTRACT

35.     Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

36.     Defendants entered into a Back Office Agreement with each other.

37.     Plaintiff was not a party to the above Back Office Agreement.

38.     Defendants intended that the above agreement would directly benefit Plaintiff by, among other things, ensuring that Plaintiff was properly compensated for its earned fees from escrowed and/or collected funds.

39.     Defendants breached their respective obligations under the Back Office Agreement by failing to compensate Plaintiff from the escrowed funds.

40.     Plaintiff has suffered damages as a direct and proximate result of a Defendants' actions.

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Defendants in favor of said Plaintiff awarding it actual and compensatory damages, attorney's fees, costs

(including expert), prejudgment interest and such additional relief as the Court deems just and equitable.

## COUNT IV - BREACH OF FIDUCIARY DUTY

41.     Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

42.     Plaintiff and Defendants enjoyed business relationships whereby Plaintiff reposed trust and confidence in Defendants to ensure that Plaintiff was properly compensated for services rendered from the escrowed and/or collected funds.

43.     Defendants undertook and accepted Plaintiff's trust and assumed a duty to protect Plaintiff's interest and entitlement to the earned escrowed and/or collected funds.

44.     Defendants breached their respective duties to Plaintiff by failing to, among other things, protect Plaintiff's interest and entitlement to the earned escrowed funds and failing to tender payment to Plaintiff when such payments were due and owed.

45.     Plaintiff has been damaged as a direct and proximate result of Defendants' actions.

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Defendants in favor of said Plaintiff awarding it actual and compensatory damages, attorney's fees, costs (including expert), prejudgment interest and such additional relief as the Court deems just and equitable.

## COUNT V - CONVERSION

46.     Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

47.     Defendants have acted in an unauthorized manner by failing to tender payment to Plaintiff from escrowed and/or collected funds that Defendants control.

48.     Defendants' actions deprive Plaintiff of its property and Defendants have

continued to do so for an extended and/or indefinite period.

49.     Defendants' deprivation of Plaintiff's property is inconsistent with Defendants' ownership interest in the property or escrowed funds.

50.     Plaintiff has suffered damages as a direct and proximate result of Defendants' conversion of its property.

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Defendants in favor of said Plaintiff awarding it actual and compensatory damages, attorney's fees, costs (including expert), prejudgment interest and such additional relief as the Court deems just and equitable.

### COUNT VI – UNJUST ENRICHMENT

51.     Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

52.     Plaintiff has conferred benefits upon Defendants, who control Plaintiff's funds, and Defendants are aware and have knowledge thereof.

53.     Defendants voluntarily accepted and retained the benefits that Plaintiff conferred to Defendants.

54.     The facts and circumstances underlying this matter are such that it would be inequitable and unjust for Defendants to retain the benefits without paying or compensating Plaintiff for the value thereof.

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Defendants in favor of said Plaintiff awarding it actual and compensatory damages, attorney's fees, costs (including expert), prejudgment interest and such additional relief as the Court deems just and equitable.

## COUNT VII – CIVIL CONSPIRACY

55.     Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

56.     Defendants, Nationwide and Legal Helpers, orchestrated a conspiracy with each other to deprive Plaintiff of its ownership interest in the earned funds.

57.     Defendants made a number of fraudulent statements, misrepresentations and/or actively allowed Plaintiff to be misled to believe that it would receive its funds.

58.     Defendants made such fraudulent statements, misrepresentations and/or allowed Plaintiff to be misled in pursuit of its conspiracy to deprive Plaintiff of its funds.

59.     Plaintiff has been damaged as a direct and proximate result of Defendants' actions.

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Defendants in favor of said Plaintiff awarding it actual and compensatory damages, attorney's fees, costs (including expert), prejudgment interest and such additional relief as the Court deems just and equitable.

## COUNT VIII – ACCOUNTING

60.     Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

61.     Defendants control the accounts holding Plaintiff's earned funds, but they have failed to pay Plaintiff its earned fees.

62.     Plaintiff is unable to determine what amounts are present in the accounts that Defendants control.  Likewise, Plaintiff is unable to determine which funds held in said accounts belong to Plaintiff, as opposed to any other party claiming an interest in such funds.

63.     In order for Plaintiff to comprehensively account for and determine the true financial picture of the escrowed funds or relevant funds held in any other account and Plaintiff's entitlement to any portions of same, Plaintiff requires an accounting of all bank accounts that Defendants own, control and/or in which Defendants act as escrow agents and/or fiduciaries, from December 1, 2009, until the present date.

**WHEREFORE**, Plaintiff, prays this Court to enter an order appointing a certified public accountant, at Defendants' expense, to retrieve the appropriate and pertinent information necessary from any and all pertinent and identified accounts.

## COUNT IX – DECLARATORY JUDGMENT

64.     Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

65.     Plaintiff has a bona fide, actual, present and practical need for a court declaration that Defendants, as fiduciaries, among other things, are obligated to pay Plaintiff the fees that Plaintiff has earned and which are held in escrow or otherwise by Defendants.

66.     The requested declaration concerns present, ascertainable facts and/or controversy as to the state of such facts.

67.     Plaintiff's power, privilege and/or rights pertaining to the foregoing dispute are dependent upon the applicable law to the present facts.

68.     Plaintiff and Defendants have an actual, present, adverse and antagonistic interest, both factually and legally, with regard to the parties' respective rights to the funds held in the pertinent accounts.

69.     The parties are all before the Court by proper process.

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Defendants in

favor of said Plaintiff and declare that: a) Plaintiff enjoys an ownership interest in the funds its has earned and which are held in escrow or otherwise by Defendants; b) that Defendants are obligated to pay Plaintiff the amounts it has earned and which are held in escrow; c) a constructive trust be placed and applied to the funds which Defendants are obligated to pay Plaintiff; d) award Plaintiff its reasonable attorney's fees and costs (including expert); and e) such additional relief as the Court deems just and equitable.

## COUNT X - QUANTUM MERUIT

70.      Plaintiff realleges Paragraphs 1 through 24 as if fully set forth herein.

71.      Defendants made verbal and/or other representations Plaintiff, agreeing to compensate Plaintiff for services rendered to Legal Helpers' clients.

72.      Plaintiff provided the contemplated services and/or benefit to Legal Helpers' clients.

73.      Plaintiff's expectation to receive compensation from Defendants for having provided the foregoing benefit was reasonable under ordinary circumstances.

74.      Defendants have failed to pay and/or compensate Plaintiff for the benefits it conferred upon Defendants.

**WHEREFORE**, Plaintiff prays this Court to enter judgment against Defendants in favor of said Plaintiff awarding it actual and compensatory damages, attorney's fees, costs (including expert), prejudgment interest and such additional relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury as to all counts so triable.

Respectfully submitted,

**FELDMAN, FOX & MORGADO, P.A.**

BRADLEY A. TOBIN, ESQ.
Fla. Bar No. 0101818
btobin@ffmlawgroup.com
2701 N. Rocky Point Drive, Suite 1000
Tampa, Florida 33607
Phone: (813) 639-9366
Fax:    (813) 639-9376
*Attorney(s) for Plaintiff,*
 *Safeguard Support Services, LLC .*



**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
INA ND FOR BROWARD COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION**

SAFEGUARD SUPPORT SERVICES, INC.

       Plaintiff,

v.

NATIONWIDE REFERRAL SERVICES, LLC,
d/b/a NATIONAL LEGAL REFERRAL
SERVICE, a foreign limited liability company,
and LEGAL HELPERS DEBT RESOLUTION,
LLC, a foreign limited liability company, a/k/a
MACEY, ALEMAN, HYSLIP & SEARNS,

       Defendants.

_____\

CASE NO:

**11-10145**

### SUMMONS

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s):

    **LEGAL HELPERS DEBT RESOLUTION, LLC**
    c/o Karen Gatto, Registered Agent
    2901 W. Busch Boulevard, Suite 201
    Tampa, Florida 33618

    Each defendant is required to serve written defenses to the complaint or petition on **BRADLEY A. TOBIN, Esq.,** Plaintiff's attorney, whose address is **2701 N. Rocky Point Dr., Island Center, Ste. 1000, Tampa, FL 33607,** within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    **DATED** on _____

             MAY 02 2011



                             HOWARD C. FORMAN
                             As Clerk of the Court
                             By:_____
                             As Deputy Clerk
                             (954) 831-6565

---

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Bradley A. Tobin, Esquire
Florida Bar Number: 0101818
**FELDMAN, FOX & MORGADO, P.A.**
2701 N. Rocky Point Drive, Suite 1000
Tampa, Florida 33607
Telephone: (813) 639-9366
Facsimile: (813) 639-9376
btobin@ffmlawgroup.com
*Attorney(s) for Plaintiff*



## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## INA ND FOR BROWARD COUNTY, FLORIDA
## CIRCUIT CIVIL DIVISION

SAFEGUARD SUPPORT SERVICES, INC.

        Plaintiff,

v.

NATIONWIDE REFERRAL SERVICES, LLC,
d/b/a NATIONAL LEGAL REFERRAL
SERVICE, a foreign limited liability company,
and LEGAL HELPERS DEBT RESOLUTION,
LLC, a foreign limited liability company, a/k/a
MACEY, ALEMAN, HYSLIP & SEARNS,

        Defendants.

_____\

CASE NO:

**11 - 10145**



**SUMMONS**

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

    **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s):

**NATIONWIDE REFERRAL SERVICES, LLC.**
c/o Janice Lembo, General Partner
3021 NE 46th Street
Ft. Lauderdale, Florida 33308

    Each defendant is required to serve written defenses to the complaint or petition on **BRADLEY A. TOBIN, Esq.**, Plaintiff's attorney, whose address is **2701 N. Rocky Point Dr., Island Center, Ste. 1000, Tampa, FL 33607**, within 20[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

    **DATED on** ___MAY 02 2011___

HOWARD C. FORMAN
As Clerk of the Court

By:_____
As Deputy Clerk
(954) 8_____

---

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal que aparecen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous. Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal. Un simple coup de telephone est insuffisant pour vous proteger. Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par la suite, sans aucun preavis ulterieur du tribunal. Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat. Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.


Bradley A. Tobin, Esquire
Florida Bar Number: 0101818
**FELDMAN, FOX & MORGADO, P.A.**
2701 N. Rocky Point Drive, Suite 1000
Tampa, Florida 33607
Telephone: (813) 639-9366
Facsimile: (813) 639-9376
btobin@ffmlawgroup.com
*Attorney(s) for Plaintiff*

## Tropical Surveillance and Investigations

**Priority: STANDARD**



**Field Sheet #2011009665**

Received: 4/22/2011 at 2:43 pm
**Court Date:** **Filed: 5/2/2011**

**ZONE: 060711   SERVE:**
**Work:  Nationwide Referral Services, LLC c/o Janice Lembo, General Partner, 3021 NE 46th Street, Ft. Lauderdale, Broward County, FL 33308**

**SPECIAL INSTRUCTIONS:** Action Date 6/25/2011.  5/3/2011  4:27 pm   PLEASE ADD DESCRIPTION OF PERSON ACCEPTING SERVICE AND PLEASE ASK SUBJECT FOR MILITARY AND MARITAL STATUS

**Attempts**                    Server: **Broward County Sheriff's Office**

| | Date | Time | Comments |
|---|---|---|---|
| 1. | ___/___ | _____ | _____ |
| 2. | ___/___ | _____ | _____ |
| 3. | ___/___ | _____ | _____ |
| 4. | ___/___ | _____ | _____ |
| 5. | ___/___ | _____ | _____ |
| 6. | ___/___ | _____ | _____ |
| 7. | ___/___ | _____ | _____ |
| 8. | ___/___ | _____ | _____ |

**Actual Service Info**
___/___  _____  Type: _____   *service dogs*

Served on: _____

Address: _____

Comments: _____
_____

Miles _____
Hours _____
Additional Addr:  1 2 3
Courier _____
Out of Pocket Costs

Age ____  Sex M F  Race _____   Height _____  Weight _____  Hair _____   Glasses Y N

Case Number:  11-0145 (18)   Broward  Civil
Plaintiff
Safeguard Support Services, Inc.

Defendant
Nationwide Referral Services, LLC

**Type of Writ: Summons and Complaint and Demand for Jury Trial**

Client:  Bradley Tobin
Firm:   Feldman, Fox & Morgado, P.A.
Contact:  Paula Alexander
Phone:  (813) 639-9366      Fax: (813) 639-9376
Client Reference Number:  Safeguard

I acknowledge receipt of the documents listed above and confirm that the within-named party is / is not in active military service.

_____
Signature of Recipient

## AFFIDAVIT OF SERVICE

State of Florida                    County of Broward                    Civil Court

Case Number: 11-0145 (18)

Plaintiff:
**Safeguard Support Services, Inc.**                    2011009665
vs.
Defendant:
**Nationwide Referral Services, LLC, d/b/a National Legal Referral Service, a
foreign limited liability company, and Legal Helpers Debt Resolution, LLC, a
foreign limited liability company, a/k/a Macey, Aleman, Hyslip & Searns**

For: Bradley Tobin
    Feldman, Fox & Morgado, P.A.

Received by Tropical Surveillance and Investigations on the 22nd day of April, 2011 at 2:43 pm to be served on **Nationwide
Referral Services, LLC c/o Janice Lembo, General Partner, 3021 NE 46th Street, Ft. Lauderdale, Broward County, FL
33308.** I, _____, being duly sworn, depose and say that on the _____ day of _____,
20___ at ___:____.m., executed service by delivering a true copy of the **Summons and Complaint and Demand for Jury
Trial** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____ .

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on
the property described herein.

( ) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes or ( ) No   If yes, what branch? _____

Marital Status: ( ) Married or ( ) Single   Name of Spouse _____

Description of person accepting service: Sex:___ Age:_____ Height:____ Weight:____ Race:____ Hair Color:____
Glasses: Y/N

The service, date, time, my initials and/or name, and identification number, if required by state statute, were listed on the
document(s) served.

COMMENTS: _____
_____
_____



## A. FIDAVIT OF SERVICE for 11 145 (18)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

F.S. 92.525, UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THE FACTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE.

Subscribed and Sworn to before me on the _____ day of
_____, _____ by the affiant who is personally
known to me.

_____
NOTARY PUBLIC

PROCESS SERVER # _____
Appointed in accordance with State Statutes

**Tropical Surveillance and Investigations**
P.O. Box 10961
Tampa, FL 33679
(813) 258-8885

Our Job Serial Number: 2011009665

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4p

# RETURN OF SERVICE





State of Florida          County of Broward                    Civil Court

Case Number: 11-0145 (18)

Plaintiff:
Safeguard Support Services, Inc.
vs.
Defendant:
Nationwide Referral Services, LLC, d/b/a National Legal Referral Service, a
foreign limited liability company, and Legal Helpers Debt Resolution, LLC, a
foreign limited liability company, a/k/a Macey, Aleman, Hyslip & Searns

For: Bradley Tobin
     Feldman, Fox & Morgado, P.A.

Received by Tropical Surveillance and Investigations on the 22nd day of April, 2011 at 2:43 pm to be served on Legal
Helpers Debt Resolution, Llc c/o Karen Gatto, Registered Agent, 2901 W. Busch Blvd., Suite 201, Tampa,
Hillsborough County, FL 33618. I, _____ _____, do hereby affirm that on the ___ day of
_____, 20__ at _____ .m., executed service by delivering a true copy of the Summons and Complaint and
Demand for Jury Trial in accordance with state statutes in the manner marked below:

( ) PUBLIC AGENCY: By serving _____ as _____ the within-named
agency.

( ) AUTHORIZED SERVICE:By serving_____ as _____

(X) CORPORATE SERVICE: By serving _Karen Gatto_____ as
_____Registered Agent_____

( ) NON SERVICE: For the reason detailed in the Comments below.

Description of person accepting service:
Sex:____ Age:____ Height:____ Weight:____ Race:____ Hair Color:_____ Glasses: Y/N

The service, date, time, my initials and/or name, and identification number, if required by state statute, were listed on the
documents served.

COMMENTS: I made an attempt, at 11:35Am, during Registered Agent hours
to the Registered Agent address: 2901 W. Busch Blvd. Ste. 201. However it
was a bad address. The papers were served at 2901 W. Busch Blvd. Suite 701.

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this
service was made.

F.S. 92.525, UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND
THE FACTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE.

PROCESS SERVER # _____
Appointed in accordance with State Statutes

Tropical Surveillance and Investigations
P.O. Box 10961
Tampa, FL 33679
(813) 258-8885

Our Job Serial Number: 2011009664

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4k





IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION 

CASE NO. 11-10145

SAFEGUARD SUPPORT SERVICES, LLC,

        Plaintiff,

vs.

NATIONWIDE REFERRAL SERVICES, LLC,
d/b/a NATIONAL LEGAL REFERRAL SERVICE,
a foreign limited liability company, and LEGAL
HELPERS DEBT RESOLUTION, LLC, a foreign
limited liability company, a/k/a MACEY, ALEMAN,
HYSLIP & SEARNS,

        Defendants.

 

## DEFENDANT'S LEGAL HELPERS DEBT RESOLUTION, LLC
## MOTION FOR EXTENSION OF TIME

    Pursuant to Fla.R.Civ.P. 1.090(b), Defendant LEGAL HELPERS DEBT RESOLUTION,

LLC ("LHDR"), by and through undersigned counsel, respectfully requests an Order extending

the time for LHDR to file a responsive pleading to Plaintiff's Complaint through and including

July 15, 2011, and states as follows:

    1.    On May 5, 2011, LHDR was served with the Complaint in this case.

    2.    LHDR's response to the Complaint is currently due on June 15, 2011.

    3.    LHDR has been working to prepare its response to the Complaint. However,

LHDR's counsel is, at the same time, engaged in a number of other matters requiring a

substantial commitment of time and resources pending in both the state and federal court systems

which have intervened. By way of example, as the Court will recognize:

a.      *Your Baby Can, LLC v. Planet Kids, Inc., et al.*; Case No.: 10-CV-81266 (U.S. District Court of the Southern District of Florida); Depositions scheduled for June 13-16, 2011 and June 20-23, 2011.

b.      *Willis v. Debt Care USA, et al.*; Case No. CV-11-430-ST (U.S. District Court of Oregon); Response to Class Action Complaint due by June 16, 2011.

c.      *Davis v. Global Client Solutions, LLC, et al.*; Case No. 3:10-CV-322-H (U.S. District Court of the Western District of Kentucky); Pursuant to the court's order, Motion to Compel Arbitration (Class Action) due by June 20. 2011.

d.      *Rule v. Fast Track Debt Relief, LLC, et al.*; Case No. CV-11-0205-WFN (U.S. District Court of the Eastern District of Washington); Response to Complaint due by June 21, 2011.

e.      *Baxter v. Legal Helpers Debt Resolution, LLC, et al.*; Case No. 11-CV-1050-KHV-JPO (U.S. District Court of Kansas); Response to Complaint due by June 23, 2011.

f.      *Guidotti v. Legal Helpers Debt Resolution, LLC, et al.*; Case No. 1:11-CV-01219-JBS (U.S. District Court of New Jersey); Replies in support of three Motions to Dismiss and three Motions to Compel Arbitration (for Class Action matter where we represent 18 defendants) due by June 27, 2011.6. As the Court may see, good cause exists to extend the time for LHDR to respond to the Complaint.

4.      On June 14, 2011, undersigned counsel contacted Counsel for Plaintiff to determine whether Plaintiff had any objection to this request. Counsel for Plaintiff indicated that

he would agree to the extension only if LHDR complies with certain conditions to which LHDR rejected.

     5.     The foregoing Motion is filed in good faith and not for the purposes of delay.

**WHEREFORE,** Respondent Legal Helpers Debt Resolution, LLC respectfully requests this Honorable Court to enter an order granting an extension through and including July 15, 2011 to file its response to the Complaint.

> GREENSPOON MARDER, P.A.
> Attorneys for Legal Helpers Debt Resolution, LLC
> 100 W. Cypress Creek Road, Suite 700
> Fort Lauderdale, FL 33309
> Telephone No. 954-491-1120
> Facsimile No. 954-343-6966
>
> By _____
>     Richard W. Epstein
>     Florida Bar No. 229091
>     Rebecca F. Bratter
>     Florida Bar No. 685100
>     Jonathan C. Brown
>     Florida Bar No. 82148

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this ___ day of June 2011 by US mail to Bradley Tobin, Esq., 2701 N. Rocky Point Dr., Suite 1000, Tampa, FL 33607: Counsel for Plaintiff.

_____
    Jonathan C. Brown

BROWARD COUNTY SHERIFF'S OFFICE
P.O. BOX 9507   FORT LAUDERDALE, FLORIDA 33310

**RETURN OF SERVICE**

| | | | |
|---|---|---|---|
| Assignment # 10332 | C/O - JANICE LEMBO, GENERAL PARTNER | Service Sheet # | 11-034164 |
| SAFEGUARD SUPPORT S., INC. vs. NATIONWIDE R.S., LLC, ET AL | | | 11-10145-18 |
| PLAINTIFF | VS. | DEFENDANT | CASE |
| SUM/COMPLAINT | | CIRCUIT/BROWARD | |
| TYPE OF WRIT | | COURT | HEARING DATE |
| NATIONWIDE REFERRAL SERVICES, LLC | SERVE | 3021 NE 46TH STREET FT. LAUDERDALE, FL 33308 | |

Received this process on
**6/13/2011**
Date

383218
TROPICAL SURVEILLANCE AND INVESTIGATIONS
P.O. BOX 10961
TAMPA , FL 33679

☐ Served

☒ Not Served - see comments   1/10
7/1/11   at   Date   Time

16042   Attorney

ON NATIONWIDE REFERRAL SERVICES, LLC, in Broward County, Florida, by serving the within named person a copy of the writ, with the date and time of service endorsed thereon by me, and a copy of the complaint, petition, or initial pleading, by the following method:

☐ **INDIVIDUAL SERVICE**

**SUBSTITUTE SERVICE:**
☐ At the defendant's usual place of abode on "any person residing therein who is 15 years of age or older", to wit:
_____, in accordance with F.S. 48.031(1)(a)
☐ To _____, the defendant's spouse, at _____ in accordance with F.S. 48.031(2)(a)
☐ To _____, the person in charge of the defendant's business in accordance with F.S. 48.031(2)(b), after two or more attempts to serve the defendant have been made at the place of business

**CORPORATE SERVICE:**
☐ To _____, holding the following position of said corporation _____ in the absence of any superior officer in accordance with F.S. 48.081
☐ To _____, an employee of defendant corporation in accordance with F.S. 48.081(3)
☐ To _____, as resident agent of said corporation in accordance with F.S. 48.091
☐ **PARTNERSHIP SERVICE:** To _____, partner, or to _____, designated employee or person in charge of partnership, in accordance with F.S. 48.061(1)
☐ **POSTED RESIDENTIAL:** By attaching a true copy to a conspicuous place on the property described in the complaint or summons. Neither the tenant nor a person residing therein 15 years of age or older could be found at the defendant's usual place of abode in accordance with F.S. 48.183.

1st attempt date/time: _____   2nd attempt date/time: _____

☐ **POSTED COMMERCIAL:** By attaching a true copy to a conspicuous place on the property in accordance with F.S. 48.183

1st attempt date/time: _____   2nd attempt date/time: _____

☐ **OTHER RETURNS:** See comments

COMMENTS: 6/27 1418 Nu Cell, 6/28 1529 wfs 6/30, 1008 w/a Card still on Door, Hurricane Shutters Down. 7/1 1320 KW Send Back per PLAINTIFF 7/11/11 1110 Kaley 813-288-8885

You can now check the status of your writ by visiting the Broward Sheriff's Office Website at www.sheriff.org and clicking on the icon "Service Inquiry"

AL LAMBERTI, SHERIFF
BROWARD COUNTY, FLORIDA

BY: _____ 10332 D.S.
R. Kaay

ORIGINAL



IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 11-10145



SAFEGUARD SUPPORT SERVICES, LLC,

         Plaintiff,

vs.

NATIONWIDE REFERRAL SERVICES, LLC, d/b/a NATIONAL LEGAL REFERRAL SERVICE, a foreign limited liability company, and LEGAL HELPERS DEBT RESOLUTION, LLC, a foreign limited liability company, a/k/a MACEY, ALEMAN, HYSLIP & SEARNS,

         Defendants.

_____/

### DEFENDANT'S LEGAL HELPERS DEBT RESOLUTION, LLC
### MOTION FOR EXTENSION OF TIME

Pursuant to Fla.R.Civ.P. 1.090(b), Defendant LEGAL HELPERS DEBT RESOLUTION, LLC ("LHDR"), respectfully requests an Order extending the time for LHDR to file a responsive pleading to Plaintiff's Complaint through and including August 15, 2011, and states as follows:

1.     LHDR's response to the Complaint is currently due on July 15, 2011.

2.     LHDR has been working to prepare its response to the Complaint. However, LHDR's counsel is, at the same time, engaged in a number of other matters requiring a substantial commitment of time and resources pending in both the state and federal court systems which have intervened. By way of example, as the Court will recognize:

         a.    *Davis v. Global Client Solutions, LLC, et al.*; Case No. 3:10-CV-322-H (U.S. District Court of the Western District of Kentucky); Reply

supporting Motion to Compel Arbitration and Motion to Dismiss (Class Action) due by July 25, 2011; Response to Motion to Compel Discovery due by August 1, 2011.

      b.    *Guidotti v. Global Client Solutions, LLC, et al.*; Case No. 1:11-cv-01219-JBS (U.S. District Court of New Jersey) (Class Action); Reply Supporting Motion to Compel Arbitration and Motion to Dismiss due by July 27, 2011 (representing 18 defendants); Response to Counterclaims against all Defendants due by July 28, 2011.

      c.    *Donovan v. Sunvest, et al.*; Case No. 2:08-CV-01675-RCJ-RJJ (U.S. District Court of Nevada); Response to Complaint due by July 20, 2011.

      d.    *The Deloach Group, Inc. v. Ashford Finance, LLC*, Case No. 1:11-CV-1678-JOF (U.S. District Court Northern District of Georgia); Response to Complaint due by August 4, 2011.

    4.    On July 13, 2011, Undersigned Counsel sent an electronic communication to Counsel for Plaintiff to determine whether Plaintiff had any objection to this request. On July 15, Counsel for Plaintiff indicated that he will not agree to the relief sought in this Motion.

    5.    The foregoing Motion is filed in good faith and not for the purposes of delay.

    **WHEREFORE,** Respondent Legal Helpers Debt Resolution, LLC respectfully requests that this Honorable Court enters an order granting an extension through and including August 15, 2011 to file its response to the Complaint.

CASE NO. 11-10145
Defendant LHDR's Motion for Extension

GREENSPOON MARDER, P.A.
Attorneys for Legal Helpers Debt Resolution, LLC
100 W. Cypress Creek Road, Suite 700
Fort Lauderdale, FL 33309
Telephone No. 954-491-1120
Facsimile No. 954-343-6966

By _____
    Richard W. Epstein
    Florida Bar No. 229091
    Rebecca F. Bratter
    Florida Bar No. 685100
    Jonathan C. Brown
    Florida Bar No. 82148

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this __14th__ day of July 2011 by US mail to Bradley Tobin, Esq., 2701 N. Rocky Point Dr., Suite 1000, Tampa, FL 33607: Counsel for Plaintiff.

_____
Jonathan C. Brown

6202695 v1

3



**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION**

SAFEGUARD SUPPORT SERVICES, LLC,

                        Plaintiff,

                                   CASE NO.  11-10145  — 18

v.

NATIONWIDE REFERRAL SERVICES, LLC,
d/b/a NATIONAL LEGAL REFERRAL SERVICE,
a foreign limited liability company, and
LEGAL HELPERS DEBT RESOLUTION, LLC,
a foreign limited liability company,
a/k/a MACEY, ALEMAN, HYSLIP & SEARNS,

                        DATE:  August 2, 2011

                          Defendants.

_____/

FILED FOR RECORD
CLERK OF CIRCUIT COURT
BROWARD COUNTY, FLORIDA
11 AUG -5 AM 8: 32
CIRCUIT CIVIL-12

**PLAINTIFF'S MOTION TO APPEAR TELEPHONICALLY**

    COMES NOW Plaintiff, by and through the undersigned counsel, and hereby moves this

court for an order permitting Plaintiff's counsel to appear by phone for  a hearing in the above

case on the following motion due to counsel's office being in Tampa, Hillsborough County,

Florida.

DATE:              Tuesday
                 ~~Wednesday~~, August 9, 2011

TIME:              8:45 a.m. (Motion Calendar)

TO BE HEARD:     Defendant's Legal Helpers Debt Resolution, LLC,
                      Motion For Extension of Time

BEFORE:          The Honorable Michele Towbin Singer
                      Broward County Courthouse
                      201 S.E. 6th Street, Chambers 1020A
                      Ft. Lauderdale, Florida 33301

                      BRADLEY A. TOBIN, ESQ.
                      Fla. Bar No. 0101818

## CERTIFICATE OF SERVICE

I certify that a copy of the above titled document has been served upon counsel for the Defendant, Legal Helpers Debt Resolution, LLC,

Jonathan C. Brown, Esq.
**GREENSPOON MARDER, P.A.**
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
Email: Jonathan.Brown@gmlaw.com

via U.S. Mail and E-mail this 2nd day of August, 2011.

BRADLEY A. TOBIN, ESQ.
Fla. Bar No. 0101818
btobin@ffmlawgroup.com
**FELDMAN, FOX & MORGADO, P.A.**
2701 N. Rocky Point Drive, Suite 1000
Tampa, Florida 33607
Phone: (813) 639-9366
Fax:    (813) 639-9376
*Attorney(s) for Plaintiff*

cc:   The Honorable Michele Towbin Singer
Broward County Courthouse
201 S.E. 6th Street #1020A
Ft. Lauderdale, Florida 33301



IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION

SAFEGUARD SUPPORT SERVICES, LLC,

        Plaintiff,

                               CASE NO.   11-10145 (18)

v.

NATIONWIDE REFERRAL SERVICES, LLC,       DATE:  August 2, 2011
d/b/a NATIONAL LEGAL REFERRAL SERVICE,
a foreign limited liability company, and
LEGAL HELPERS DEBT RESOLUTION, LLC,
a foreign limited liability company,
a/k/a MACEY, ALEMAN, HYSLIP & SEARNS,

        Defendants.

_____/

### ORDER GRANTING PLAINTIFF'S MOTION TO APPEAR TELEPHONICALLY

    IT HEREBY IS ORDERED that Plaintiff's counsel may appear telephonically for the

hearing scheduled as follows:

        DATE:             Tuesday, August 9, 2011

        TIME:             8:45 a.m. (Motion Calendar)

        TO BE HEARD:    Defendant's Legal Helpers Debt Resolution, LLC,
                               Motion For Extension of Time

        BEFORE:        The Honorable Michele Towbin Singer
                         Broward County Courthouse
                         201 S.E. 6th Street, Chambers 1020A
                         Ft. Lauderdale, Florida 33301

*BRADLEY TOBIN 813-639-9366*

    DONE AND ORDERED in Chambers in ~~Sarasota~~ *Broward* County, Florida, this ___ of August,

2011.

                                   _____
                                   THE HONORABLE Michele Towbin Singer
                                   Judge for the Seventeenth Judicial Circuit

*Copies provided to parties on attached Service List.*



### IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
### IN AND FOR BROWARD COUNTY, FLORIDA
### CIRCUIT CIVIL DIVISION

SAFEGUARD SUPPORT SERVICES, LLC,

      Plaintiff,

             CASE NO.   11-10145 —18

v.

NATIONWIDE REFERRAL SERVICES, LLC,   DATE:  August 2, 2011
d/b/a NATIONAL LEGAL REFERRAL SERVICE,
a foreign limited liability company, and
LEGAL HELPERS DEBT RESOLUTION, LLC,
a foreign limited liability company,
a/k/a MACEY, ALEMAN, HYSLIP & SEARNS,

      Defendants.
_____/



## NOTICE OF HEARING

**To:** **LEGAL HELPERS DEBT RESOLUTION, LLC,**
  c/o Jonathan C. Brown, Esq.
  **GREENSPOON MARDER, P.A.**
  Trade Centre South, Suite 700
  100 West Cypress Creek Road
  Fort Lauderdale, Florida 33309
  Email: Jonathan.Brown@gmlaw.com

   **PLEASE TAKE NOTICE** that the undersigned attorney for Safeguard Support
Services, Inc., will call up for hearing:

   DATE:     Tuesday, August 9, 2011

   TIME:     8:45 a.m. (Motion Calendar)

   TO BE HEARD:  Defendant's Legal Helpers Debt Resolution, LLC,
          Motion for Extension of Time

   BEFORE:    The Honorable Michele Towbin Singer
          Broward County Courthouse
          201 S.E. 6th Street, Chambers 1020A
          Ft. Lauderdale, Florida 33301

PLAINTIFF'S COUNSEL TO APPEAR BY TELEPHONE.

Notice of Hearing
Case No. CACE11010145
Page 1 of 3

## CERTIFICATION

I hereby certify that (a) I have made a good faith attempt to resolve this matter prior to my noticing this motion for hearing, and (b) the issues before the Court may be heard and resolved by the Court within five (5) minutes.

BRADLEY A. TOBIN, ESQ.
Fla. Bar No. 0101818
btobin@ffmlawgroup.com
**FELDMAN, FOX & MORGADO, P.A.**
2701 N. Rocky Point Drive, Suite 1000
Tampa, Florida 33607
Phone:  (813) 639-9366
Fax:     (813) 639-9376
*Attorney(s) for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a copy of the above titled document has been served upon counsel for the Defendant, Legal Helpers Debt Resolution, LLC,

Jonathan C. Brown, Esq.
**GREENSPOON MARDER, P.A.**
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
Email: Jonathan.Brown@gmlaw.com

via U.S. Mail and E-mail this 2nd day of August, 2011.

BRADLEY A. TOBIN, ESQ.
Fla. Bar No. 0101818

cc:     The Honorable Michele Towbin Singer
        Broward County Courthouse
        201 S.E. 6th Street #1020A
        Ft. Lauderdale, Florida 33301

Notice of Hearing
Case No. CACE11010145
Page 2 of 2



**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA
CIRCUIT CIVIL DIVISION**

SAFEGUARD SUPPORT SERVICES, LLC,

                  Plaintiff,

                                                CASE NO.  11-10145 — 18

v.

NATIONWIDE REFERRAL SERVICES, LLC,     DATE:  August 2, 2011
d/b/a NATIONAL LEGAL REFERRAL SERVICE,
a foreign limited liability company, and
LEGAL HELPERS DEBT RESOLUTION, LLC,
a foreign limited liability company,
a/k/a MACEY, ALEMAN, HYSLIP & SEARNS,

                  Defendants.

_____/

## <u>PLAINTIFF'S MOTION TO APPEAR TELEPHONICALLY</u>

      COMES NOW Plaintiff, by and through the undersigned counsel, and hereby moves this

court for an order permitting Plaintiff's counsel to appear by phone for  a hearing in the above

case on the following motion due to counsel's office being in Tampa, Hillsborough County,

Florida.

            DATE:            ~~Wednesday~~ Tuesday, August 9, 2011

            TIME:             8:45 a.m. (Motion Calendar)

            TO BE HEARD:    Defendant's Legal Helpers Debt Resolution, LLC,
                                Motion For Extension of Time

            BEFORE:           The Honorable Michele Towbin Singer
                                Broward County Courthouse
                                201 S.E. 6th Street, Chambers 1020A
                                Ft. Lauderdale, Florida 33301

                                  BRADLEY A. TOBIN, ESQ.
                                  Fla. Bar No. 0101818

## CERTIFICATE OF SERVICE

I certify that a copy of the above titled document has been served upon counsel for the Defendant, Legal Helpers Debt Resolution, LLC,

Jonathan C. Brown, Esq.
**GREENSPOON MARDER, P.A.**
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
Email: Jonathan.Brown@gmlaw.com

via U.S. Mail and E-mail this 2nd day of August, 2011.

BRADLEY A. TOBIN, ESQ.
Fla. Bar No. 0101818
btobin@ffmlawgroup.com
**FELDMAN, FOX & MORGADO, P.A.**
2701 N. Rocky Point Drive, Suite 1000
Tampa, Florida 33607
Phone:  (813) 639-9366
Fax:      (813) 639-9376
*Attorney(s) for Plaintiff*

cc:      The Honorable Michele Towbin Singer
         Broward County Courthouse
         201 S.E. 6th Street #1020A
         Ft. Lauderdale, Florida 33301



IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 11-10145



SAFEGUARD SUPPORT SERVICES, LLC,

        Plaintiff,

vs.

NATIONWIDE REFERRAL SERVICES, LLC,
d/b/a NATIONAL LEGAL REFERRAL SERVICE,
a foreign limited liability company, and LEGAL
HELPERS DEBT RESOLUTION, LLC, a foreign
limited liability company, a/k/a MACEY, ALEMAN,
HYSLIP & SEARNS,

        Defendants.

_____/



### DEFENDANT'S LEGAL HELPERS DEBT RESOLUTION, LLC MOTION TO DISMISS PLAINTIFF'S CLAIMS

Pursuant to Fla.R.Civ.P. 1.140(b)(6) and 1.130(a), Defendant LEGAL HELPERS DEBT RESOLUTION, LLC ("LHDR") moves this Court for an order dismissing Plaintiff SAFEGUARD SUPPORT SERVICES, LLC's ("Safeguard") Complaint. Simply put, Safeguard fails to state a cause of action as to any of the nine (9) alleged counts and otherwise fails to attach contracts upon which the Complaint relies.

1.     On May 2, 2011, Safeguard filed a ten-count Complaint against LHDR and Defendant Nationwide Referral Services LLC ("Nationwide"). Safeguard alleges the following claims against LHDR: 1) negligent representation; 2) breach of third-party beneficiary contract;

3) breach of fiduciary duty; 4) conversion; 5) unjust enrichment; 6) civil conspiracy; 7) accounting; 8) declaratory judgment; and 9) quantum meruit.[1]

2.      Safeguard alleges that it entered into a "Branch Office Agreement" with LHDR, and pursuant to that Agreement, it provided certain administrative and marketing services to LHDR's clients which in turn obligated LHDR to pay Safeguard certain fees.[2]  Safeguard fails to attach this Branch Office Agreement as an exhibit to the Complaint and otherwise fails to identify the terms of the alleged contract. In addition, although Safeguard implies that this Agreement is material to the Complaint, it does not appear that Safeguard alleges that LHDR breached the Branch Office Agreement.

3.      Instead, Safeguard next alleges the existence of a second agreement titled as the "Back Office Agreement" and between Defendants Nationwide and LHDR.[3] According to the Complaint, pursuant to this *alleged Agreement*, Nationwide provided back-office support services to LHDR's "debt consolidation business."[4]

4.      Safeguard then asserts that it was a third-party beneficiary of the "Back Office agreement", and that Safeguard provided services for Defendants' clients pursuant to this alleged agreement.[5] Further, Safeguard alleges that Nationwide was tasked with paying it for services provided to Defendants' clients[6] but failed to do so since March 12, 2010.[7]

5.      However, Safeguard never alleges that Nationwide and LHDR expressed to Safeguard that they entered into the "Back Office Agreement" to directly benefit it or that this

---

1.      Safeguard further alleges a breach of contract count against Nationwide for an alleged agreement between these two parties only. (Compl. § 12).
2.      (Compl. § 6).
3.      (Compl. § 9).
4.      (Compl. § 9).
5.      (Compl. § 13).
6.      (Compl. § 12).
7.      (Compl. § 17).

agreement expressly references Safeguard as an intended third-party beneficiary. Also, not a single allegation in the Complaint addresses whether LHDR, and not Nationwide, represented it would pay Safeguard for its alleged services.

6.      Safeguard fails to state a claim as to any of the nine (9) counts asserted against LHDR and fails to attach the contracts referenced in the Complaint. Therefore, Safeguard's Complaint must be dismissed.

## MEMORANDUM OF LAW

### A. Safeguard Fails to Attach Any of the Referenced Agreements as Exhibits to the Complaint so the Complaint Must Be Dismissed.

7.      According to Fla.R.Civ.P. 1.130(a), "[A]ll … contracts, accounts, or documents upon which action *may be brought* or defense made … shall be incorporated in or attached to the pleading."[8]

8.      Safeguard plainly alleges that it and LHDR entered into the Branch Office Agreement.[9] While it is unclear whether Safeguard claims LHDR breached this contract, this fact does not change the analysis as to whether Safeguard was required to attach the Branch Office Agreement as an exhibit. Rule 1.130(a) makes clear that all contracts upon which an action "may be brought" must be attached to the Complaint.[10]

9.      Safeguard further alleges that LHDR breached the supposed Back Office Agreement between LHDR and Nationwide by failing to tender payment to Safeguard for

---

8.      (Emphasis added); *See Bland v. Green Acres Group, L.L.C.*, 12 So.3d 822, 826 FN 6 (Fla. 4th DCA 2009).

9.      (Compl. § 6).

10.     *See Moss v. Cochran*, 705 So.2d 141, 142 (Fla. 4th DCA 1998) (After reversing the trial court's dismissal of appellant's complaint with prejudice, the court remanded with direction that, *inter alia*, appellant complies with "Florida Rule of Civil Procedure 1.130(a) *by attachment of any essential document to which his amended complaint may refer*.") (emphasis added).

CASE NO. 11-10145
Defendant LHDR's Motion to Dismiss

services rendered since Safeguard was a third-party beneficiary of this Agreement. [11] Safeguard

likewise fails to attach the Back Office Agreement to the Complaint.

10.    Safeguard does not attach either the Branch Office Agreement or the Back Office

Agreement to the Complaint. As a result, pursuant to Fla.R.Civ.P. 1.130(a), the Court must

dismiss Safeguard's Complaint.

**B.  Safeguard's Negligent Misrepresentation Claim Fails to State a Claim.**

11.    After demanding payment pursuant to an alleged contractual agreement between

the parties, Safeguard then changes its tune and attempts to allege several causes of action in tort,

including a negligent misrepresentation claim. Nevertheless, this count must be dismissed for at

least two (2) reasons. First, Florida's Economic Loss Rule prevents a party from seeking tort

damages through a negligent misrepresentation claim when a contractual relationship exists

among the parties. Second, Safeguard fails to plead ultimate facts in support of the first element

of a negligent misrepresentation claim - specifically that LHDR made false statements of fact to

Safeguard with respect to Defendants' alleged nonpayment.

i.    The Economic Loss Rule Precludes Safeguard from Seeking Tort Damages.

12.    Safeguard alleges that "Defendants" made false statements which include that

Safeguard would receive compensation for services performed for Defendants' clients and that

Safeguard would receive compensation if it deferred payment under the Hold Back Agreement.[12]

13.    Safeguard references three (3) separate contracts in the Complaint allegedly

entered into between and among the parties. Indeed, Safeguard expressly acknowledges that the

parties' business relationship was contractual by asserting that:

---

11.    (Compl. § 13).
12.    (Compl. § 30). Earlier in the Complaint, Safeguard alleges that only it and Nationwide
entered into this "Hold Back Agreement" (Compl. § 15, 16).

4

> Operating under the above *contractual arrangements*, Legal Helpers' business was a success and all parties involved reaped the economic benefits from the business venture. Until December of 2009, both Defendants…performed their *contractual obligations…*"[13]

As these allegations make clear, Defendants' alleged false representations about payment allegedly occurred *during the performance* of their alleged "contractual obligations."

14.     In this instance, when the alleged misrepresentations are directly related to the breaching party's performance of the contract, they do not give rise to an independent cause of action in tort.[14] As such, Safeguard's negligent misrepresentation claim is barred by Florida's Economic Loss Rule.[15]

ii.   Safeguard Does Not Allege that LHDR Made Any False Statements.

15.     Fla.R.Civ.P. 1.10(b)(2) requires a short and plain statement of the ultimate facts showing that the pleader is entitled to relief. Here, in order to properly plead a cause of action for negligent misrepresentation, Safeguard must plead facts that establish the essential elements of this claim.[16]

16.     In order to state a prima facie claim for negligent misrepresentation, the first element a plaintiff must allege is that *the defendant misrepresented a material fact.*[17]

---

13.     (Compl. § 14) (emphasis added).
14.     *See Hotels of Key Largo, Inc. v. RHI Hotels, Inc.*, 694 So.2d 74, 78 (Fla. 3d DCA), *rev. denied*, 700 So.2d 685 (Fla.1997).
15.     *Straub Capital Corp. v. L. Frank Chopin, P.A.*, 724 So.2d 577, 579 (Fla. 4th DCA 1998) ("…the tenants' action for negligent misrepresentation in the instant case was barred by the economic loss rule because the subject misrepresentations were directly related to the breaching party's performance under the subject lease agreement.").
16.     *See Royal & Sunalliance v. Lauderdale Marine Ctr.*, 877 So.2d 843, 845 (Fla. 4th DCA 2004).
17.     *Fla. Women's Med. Clinic, Inc. v. Sultan*, 656 So.2d 931, 933 (Fla. 4th DCA 1995) (citation omitted).

17.     Safeguard's only allegation that *LHDR* misrepresented anything whatsoever in the entire Complaint is Safeguard's generic use of the term "Defendants" when asserting that they both made certain false statements.[18]

18.     Earlier allegations contradict that LHDR made such representations. Safeguard overtly claims that "…Nationwide exercises authority and discretion in dictating how Safeguard is paid its fees earned"[19] and only directly alleges that representatives of Nationwide made any alleged misrepresentations.[20]

19.     Outside of the vague assertion that "Defendants" misrepresented certain matters, nowhere in the Complaint does Safeguard bother describing any alleged false statements specifically made by LHDR. Safeguard fails to allege ultimate facts in support of the allegation that LHDR made any false statement.  It is not sufficient to only reference that "Defendants" misrepresented certain matters with alleging supportive facts. As such, Safeguard fails to allege a prima facie negligent misrepresentation claim against LHDR.

**C.  Safeguard Fails to Allege Facts Sufficient to State that It Is an Intended Third-Party Beneficiary of Defendants' Alleged Contract.**

20.     Safeguard claims that Defendants entered into the Back Office Agreement under which Nationwide agreed to provide support services to LHDR's clients for "debt consolidation transactions."[21] Safeguard later claims that it assisted Nationwide to perform similar services for Defendants' clients and then declares that it was a third-party beneficiary to the Back Office Agreement.[22]

---

18.     (Compl. § 30).
19.     (Compl. § 12).
20.     (Compl. § 15).
21.     (Compl. § 9).
22.     (Compl. § 13).

21.     In order to plead a cause of action for breach of a third party beneficiary contract, a plaintiff must state: 1) there is a contract between A and B; 2) *an intent, either expressed by the parties, or in the provisions of the contract, that the contract **primarily and directly benefit C**,* the third party (or class of persons to which that party belongs); 3) breach of that contract by either A or B (or both); and 4) damages to C resulting from the breach.[23]

22.     A person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract.[24] A party is an intended beneficiary *only if the parties to the contract clearly express, or the contract itself expresses, an intent to <u>primarily and directly benefit</u> the third party* or a class of persons to which that party claims to belong.[25]

23.     Safeguard fails to allege that *Defendants* clearly expressed to Safeguard, or that the Back Office Agreement itself, articulates Defendants' intent to primarily and directly benefit Safeguard through this Agreement.[26] All Safeguard alleges is that: "Defendants intended that the above agreement would directly benefit Safeguard by, among other things, ensuring that Safeguard was properly compensated..."[27] Neither this allegation nor any other in the Complaint asserts the ultimate facts required for a third party beneficiary contract claim.

24.     The allegations in support of this claim merely indicate that Safeguard received an incidental or consequential benefit from the alleged contract and is not an intended beneficiary of the Back-Office Agreement. Simply put, Safeguard does not allege that Defendants *expressed* to Safeguard that the Back-Office Agreement was entered into primarily for its benefit or if this

---

23.     *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1031 (4th DCA 1994) (emphasis added).
24.     *Metropolitan Life Ins. Co. v. McCarson*, 467 So.2d 277 (Fla.1985).
25.     *Aetna Casualty & Surety Co. v. Jelac Corp.*, 505 So.2d 37 (Fla. 4th DCA 1987); *Warren; Security Mut. Casualty Ins. Co. v. Pacura*, 402 So.2d 1266 (Fla. 3d DCA 1981) (emphasis added).
26.     *See Esposito v. True Color Enterprises Const., Inc.*, 45 So.3d 554 (Fla. 4d DCA 2010).
27.     (Compl. § 38).

Agreement includes a provision which expresses this intent. As such, the breach of third-party beneficiary contract claim must be dismissed.

## D. Safeguard Fails to Allege Facts Sufficient to State that LHDR Had a Fiduciary Relationship with Safeguard and that LHDR Breached this Duty.

25.     Safeguard claims that the parties' "enjoyed business relationships whereby Safeguard reposed trust and confidence in Defendants to ensure Safeguard was properly compensated for services rendered from the escrowed and/or collected funds."[28] Essentially, Safeguard argues that Defendants are fiduciaries since Defendants allegedly owe Safeguard money for services rendered.

26.     The elements of a cause of action for breach of a fiduciary duty are: (1) The existence of a fiduciary duty; (2) the breach of that duty; and (3) damage proximately caused by that breach.[29] While Safeguard tries to impose such a duty on LHDR, the alleged business dealings giving rise to this action do not cause the imposition of a fiduciary relationship.[30]

27.     "To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party."[31] When the parties are dealing at arm's length, a fiduciary relationship does not exist because there is no duty imposed on either party to protect or benefit the other.[32]

---

28.     (Compl. § 42).
29.     *Gracey v. Eaker*, 837 So.2d 348 (FL 2002).
30.     *Contra Doe v. Evans*, 814 So.2d 370, 374 (Fla.2002) (quoting Restatement (Second) of Torts § 874 cmt. a.) (A party must be "under a duty to act for or to give advice for the benefit of another upon matters within the scope of that relation.") (emphasis added).
31.     *Taylor Woodrow Homes Florida, Inc. v. 4/46-A Corp.*, 850 So.2d 536, 540-41 (4th DCA 2003), citing *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So.2d 1063, 1065 (Fla. 3d DCA 1993), *review denied*, 634 So.2d 629 (Fla.1994).
32.     *Id.*

8

28.     Safeguard does not, because it cannot, allege facts which support that LHDR and Safeguard had anything more than an alleged business relationship.[33] Safeguard seeks to dress up this claim for Defendants' alleged nonpayment under their alleged contractual obligations as a breach of their fiduciary duties. Nevertheless, two companies allegedly doing business at arm's-length does not qualify as a "fiduciary relationship" and Safeguard fails to allege facts in support of the existence of LHDR's fiduciary duty.[34]

## E. Safeguard Cannot State a Conversion Claim Against LHDR as an Obligation to Pay Money May Not Be Enforced by a Conversion Action.

29.     In order to establish a claim for conversion of money, a plaintiff must allege "an act of dominion wrongfully asserted over, and inconsistent with, another's possessory rights in personal property."[35]

30.     In the conversion count, Safeguard alleges that "Defendants have acted in an unauthorized manner by failing to tender payment to Safeguard…"[36] Then, Safeguard makes the assumption that "Defendants' actions deprive Safeguard of *its property*…"[37]

31.     Nevertheless, the Fourth D.C.A. has made abundantly clear that money allegedly owed to a certain party does not constitute *their property* for conversion purposes.[38] As a "mere obligation to pay money may not be enforced by a conversion action and an action in tort is

---

33.     Though explored in this section to rebut Safeguard's Breach of Fiduciary Duty claim, LHDR in no way admits that it had a business relationship of any kind with Safeguard.

34.     *See Harbaugh v. Greslin*, 2004 WL 5589736, at *7 (S.D.Fla. Dec.14, 2004) ("Therefore, based on the Agreement, the Court finds that no fiduciary relationship existed between the parties. The parties simply entered into an arms-length transaction, whereby Safeguard agreed to provide consulting services and assistance in the sale of the GVPP technology.").

35.     *Wright v. Emory*, 41 So.3d 290, 292 (Fla. 4th DCA 2010).

36.     (Compl. § 47).

37.     (Compl. § 48) (emphasis added).

38.     *See Gambolati v. Sarkisian*, 622 So.2d 47 (Fla. 4th DCA 1993) (debt which may be discharged by the payment of money in general cannot form the basis of conversion); *Belford Trucking Co. v. Zagar*, 243 So.2d 646 (Fla. 4th DCA 1970) (mere obligation to pay money may not be enforced by conversion action).

inappropriate where the basis of the suit is a contract, either express or implied"[39], Safeguard

fails to state a conversion action against LHDR.

## F. Safeguard Cannot Seek Equitable Relief Through its Unjust Enrichment Claim When at the Same Time Alleging that LHDR and Safeguard Entered into an Express Contract.

32.     Safeguard cannot pursue an equitable theory such as unjust enrichment to prove

entitlement to relief if an express contract exists.[40]

33.     Safeguard alleges the existence of several express contracts with LHDR. First,

Safeguard claims that LHDR and Safeguard entered into the Branch Office Agreement.[41] Then,

Safeguard alleges that it is a third-party beneficiary of the express contract between Defendants

LHDR and Nationwide identified as the Back Office Agreement.[42] Thereafter, Safeguard asserts

that it and Nationwide entered into the Hold-Back Agreement[43]

34.     As it is well-settled that Safeguard cannot pursue an unjust enrichment to prove

entitlement to relief if an express contract exists, the Court must dismiss Safeguard's claim with

prejudice.

## G. Safeguard's Civil Conspiracy Count Fails to State a Claim.

35.     A civil conspiracy requires: (1) an agreement between two or more parties, (2) to

do an unlawful act or to do a lawful act by unlawful means, (3) the doing of some overt act in

---

39.     *Rupp v. Schon*, 608 So.2d 934 (Fla. 4th DCA 1992) (citations omitted).
40.     *Ocean Communications v. Bubeck*, 956 So.2d 1222, 1225 (Fla. 4th DCA 2007); *See, e.g., Kovtan v. Frederiksen*, 449 So.2d 1, 1 (Fla. 2d DCA 1984) ("It is well settled that the law will not imply a contract where an express contract exists concerning the same subject matter."); *In re Estate of Lonstein*, 433 So.2d 672, 674 (Fla. 4th DCA 1983) (same).
41.     (Compl. § 6).
42.     (Compl. § 9).
43.     (Compl. § 15, 16).

pursuance of the conspiracy, and (4) damage to plaintiff as a result of the acts done under the conspiracy.[44]

36.     Further, in order to plead a cause of action for civil conspiracy, there must be an underlying independent wrong or tort.[45] Safeguard's Civil Conspiracy claim appears to allege that Defendants conspired to commit the underlying tort of negligent misrepresentation, Count II of the Complaint.

37.     As explored above, Safeguard's negligent misrepresentation claim is barred by the economic loss rule because Defendants' alleged false representations about payment allegedly occurred *during the performance* of their alleged "contractual obligations."[46]

38.     Moreover, even if the claim is not barred, Safeguard fails to state a prima facie civil conspiracy claim because it does not plead ultimate facts in support of the required elements.

39.     Elements two (2) and three (3) of a civil conspiracy claim require that Safeguard pleads ultimate facts in support of LHDR participating in some unlawful act and the doing of some overt act in pursuance of the conspiracy.[47] As explored in the section analyzing the negligent misrepresentation claim, outside of the vague assertion that "Defendants" misrepresented certain matters, nowhere in the Complaint does Safeguard bother describing any alleged false statements specifically made by LHDR. Safeguard fails to allege ultimate facts in support of the allegation that LHDR made any false statement.

---

44.     *Charles v. Fla. Foreclosure Placement Ctr.*, 988 So.2d 1157, 1159–60 (Fla. 3d DCA 2008).

45.     *Rushing v. Bosse*, 652 So.2d 869 (Fla. 4th DCA 1995); *See Raimi v. Furlong*, 702 So.2d 1273, 1284 (Fla. 3d DCA 1997) (finding that "an actionable conspiracy requires an actionable underlying tort or wrong").

46.     *See Straub Capital Corp.*, 724 So.2d at 579.

47.     *Charles*, 988 So.2d at 1159–60.

40.   Because the tort underlying the civil conspiracy claim is barred by the economic loss rule and Florida law does not recognize an independent action for conspiracy, and that Safeguard fails to allege a prima facie civil conspiracy claim against LHDR, the civil conspiracy claim must be dismissed.[48]

## H.   Safeguard Fails to State an Accounting Claim Against LHDR by Not Adequately Addressing Whether the Alleged Contract Demands Between the Parties Involve Extensive or Complex Accounts or the Inadequacy of a Legal Remedy.

41.   To state a claim for an equitable accounting, the plaintiff must allege that "the contract demands between litigants involve extensive or complicated accounts and it is not clear that the remedy at law is as full, adequate and expeditious as it is in equity."[49] Here, the facts alleged in the Complaint show neither complexity nor the inadequacy of a legal remedy.

42.   First, Safeguard attempts to characterize some elaborate accounting relationship between the parties where Defendants obtain fees from their clients that Safeguard allegedly serviced and hold them in certain escrow accounts.[50] Yet the complexity of this accounting system is directly contravened by Safeguard's allegation that specifically identifies the amount of unpaid fees, which allegedly totals $7,000,000.00.[51]

43.   Safeguard purposely fails to state how it was paid for allegedly performing services for Defendants' clients. If Safeguard merely receives a certain monthly dollar amount per client it serviced, or some other simple arrangement which enabled Safeguard to estimate the

---

48 .   *See Lehman Bros. Holdings, Inc. v. Hirota*, No. 8:06-cv-2030-T-24MSS, 2007 WL 1471690, at *5 (M.D.Fla. May 21, 2007); *See Behrman v. Allstate Life Ins. Co.*, 388 F.Supp.2d 1346, 1350 (S.D.Fla.2005), *aff'd*, 178 Fed.Appx. 862 (11th Cir.2006) (Under Florida law, the economic loss rule barred Safeguard's tort claims for negligent hiring, training, and supervision, *negligent misrepresentation* and omission, fraud in the inducement, and *civil conspiracy*, where Safeguard alleged the same injury for those tort claims, the loss of his investments arising from participation in the defendants' variable annuity contracts, as he alleged in his breach of contract claims.).

49.   *Bankers Trust Realty, Inc. v. Kluger*, 672 So.2d 897 (Fla. 3d DCA 1996), citing *F.A. Chastain Constr., Inc. v. Pratt*, 146 So.2d 910, 913 (Fla. 3d DCA 1962).

50.   (Compl. §§§ 10-12, 21 & 28).

51.   (Compl. § 20).

fees allegedly owed here, clearly such an arrangement would not rise the complexity required to allege an equitable accounting claim. Nothing in the Complaint demonstrates that the contract demands involve complicated accounts. As such, Safeguard utterly fails to meet this first element.

44.     Next, Safeguard entirely omits the second element of an equitable accounting claim, the inadequacy of a legal remedy in support of this accounting claim.[52] By completely ignoring this element, Safeguard's claim must be dismissed. Alternatively, since Safeguard has adequate contractual remedies available at law, this count should be dismissed with prejudice.[53]

## I.  Safeguard Fails to State a Declaratory Judgment Action Against LHDR by Failing to Allege a Prima Facie Claim.

45.     To state a declaratory judgment action, the following elements must be present: (1) a bona fide, actual, present practical need for the declaration; (2) the declaration should deal with a present, ascertained or ascertainable state of facts or present controversy as to a state of facts; (3) some immunity, power, privilege or right of the complaining party is dependent upon the facts or the law applicable to the facts; (4) there is some person or persons who have, or reasonably may have an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; (5) the antagonistic and adverse interests are all before the court by proper

---

52.     *See Nautica Int'l, Inc. v. Intermarine USA, LP.*, 5 F.Supp.2d 1333, 1344 (S.D.Fla.1998) ("It is well settled under Florida law, however, that an action for an accounting will not stand where Safeguard has not alleged the inadequacy of the remedy at law.").

53.     *See, e.g. Restrepo v. Wells Fargo Bank, N.A.*, 2010 WL 374771, at *4 (S.D. Fla. Feb 3, 2010) ("Furthermore, Safeguard has a remedy at law. Consequently, this count must be dismissed with prejudice."); *See also Levenger Co. v. Feldman*, 516 F.Supp.2d 1272, 1293 (S.D.Fla.2007) (In this contract action, after determining to dismiss Safeguard's accounting claim with prejudice, the court stated "[F]rom the record, it appears that a remedy at law in this case is entirely appropriate."); *See also Bankers Trust Realty, Inc. v. Kluger*, 672 So.2d at 888 ("...the trial court did not abuse its discretion by dismissing defendant's claim for an equitable accounting with prejudice...the evidentiary facts alleged in the complaint show neither complexity nor the inadequacy of a legal remedy.").

process or class representation *and that the relief sought is not merely the giving of legal advice by the courts or the answer to questions propounded from curiosity.*[54]

46.    Safeguard fails to plead the fifth element of the Declaratory Judgment claim.[55] As such, Safeguard fails to state a claim and this count must be dismissed.

47.    Furthermore, the above elements are interpreted such that a complaint seeking declaratory relief must allege ultimate facts showing that along with the bona fide adverse interest between the parties, a plaintiff must plead a doubt about the existence or non-existence of his rights or privileges and that he is entitled to have the doubt removed.[56]

48.    Here, Safeguard pleads quite the opposite. Safeguard claims it has a "need for a court declaration that Defendants, as fiduciaries, among other things, are obligated to pay Safeguard the fees that Safeguard has earned…"[57] Safeguard does not plead a doubt about the existence or non-existence of his rights or privileges and that he is entitled to have the doubt removed. As such, Safeguard fails to sufficiently plead a declaratory judgment action and this claim must be dismissed.

**J.    Safeguard Cannot Seek Equitable Relief Through its Quantum Meruit Claim When at the Same Time Alleging that LHDR and Safeguard Entered into an Express Contract.**

49.    Safeguard cannot pursue an equitable theory such as quantum meruit to prove entitlement to relief if an express contract exists.[58]

---

54.    (emphasis added). *City of Hollywood v. Petrosino*, 864 So.2d 1175, 1178 (Fla. 4th DCA 2004); *See also City of Hollywood v. Fla. Power & Light Co.*, 624 So.2d 285, 286-87 (Fla. 4th DCA 1993) (citations omitted).

55.    (Compl. § 64-69).

56.    *State, Dept. of Environmental Protection v. Garcia*, --- So.3d ----, 2011 WL 3300540, * 4 (Fla. 3d DCA, August 3, 2011) (citations omitted).

57.    (Compl. § 65).

58.    *Ocean Communications v. Bubeck*, 956 So.2d 1222, 1225 (Fla. 4th DCA 2007); *Snyderburn v. Moxley*, 652 So.2d 945, 947 (Fla. 5th DCA.1995), *rev. denied*, 659 So.2d 1085 (Fla.1995) ("Nor is it a mystery that where an express agreement exists, quantum meruit is not available…").

50.     Safeguard alleges the existence of several express contracts with LHDR as explored above.[59]

51.     As it is well-settled that Safeguard cannot pursue a quantum meruit claim to prove entitlement to relief if an express contract exists, the Court must dismiss Safeguard's claim with prejudice.

## Reservation of Rights.

52.     LHDR reserves the right to either amend this Motion or file a brief in its support prior to any hearing on same.

53.     LHDR further reserves its defenses under the parties' alleged contracts not attached to Safeguard's Complaint.

**WHEREFORE,** Defendant Legal Helpers Debt Resolution, LLC respectfully requests that this Honorable Court enters an order dismissing Plaintiff's Complaint with prejudice, and for all relief it deems just, equitable and proper.

GREENSPOON MARDER, P.A.
Attorneys for Legal Helpers Debt Resolution, LLC
100 W. Cypress Creek Road, Suite 700
Fort Lauderdale, FL  33309
Telephone No. 954-491-1120
Facsimile No. 954-343-6966

By _____
        Richard W. Epstein
        Florida Bar No. 229091
        Rebecca F. Bratter
        Florida Bar No. 685100
        Jonathan C. Brown
        Florida Bar No. 82148

---

59.     (Compl. §§ 6 & 9).

CASE NO. 11-10145
Defendant LHDR's Motion to Dismiss

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this 8th day of August 2011 by US mail and Electronic Mail to Bradley Tobin, Esq., 2701 N. Rocky Point Dr., Suite 1000, Tampa, FL 33607 and at btobin@ffmlawgroup.com: Counsel for Safeguard.

Jonathan C. Brown

6411516 v2

16

VICTORIA LOPEZ

IN THE COUNTY COURT, IN AND FOR BROWARD COUNTY, FLORIDA
CIVIL DIVISION

CASE# 11-10145 (18)

Safeguard Support Services, Inc.

**Plaintiff**

vs.

Nationwide Referral Services, LLC, d/b/a National Legal Referral Service, a foreign limited liability company, and
Legal Helpers Debt Resolution, LLC, a foreign limited liability company, a/k/a Macey, Aleman, Hyslip & Searns

**Defendant**

## AFFIDAVIT OF LOST ORIGINAL FOR:

Nationwide Referral Services, LLC
c/o Janice Lembo, General Partner
3021 NE 46th St
Ft. Lauderdale, FL 33308
Broward County

BEFORE ME, THE UNDERSIGNED AUTHORITY, THIS DAY PERSONALLY APPEARED **Adlin R.
Santiago** WHO UPON BEING FIRST DULY SWORN, UPON HER/HIS OATH, DEPOSES AND SAYS:

1. THAT I AM **Adlin R. Santiago** APPOINTED TO COORDINATE THE SERVICE OF PROCESS IN
   THE ABOVE CAPTIONED MATTER.

2. THAT THE ORIGINAL SUMMONS WAS ISSUED BY THIS COURT AND HAS BEEN
   INADVERTENTLY LOST MISPLACED OR DESTROYED AND CANNOT BE FILED WITH THE
   COURT.

3. THAT THIS AFFIDAVIT IS GIVEN SO THAT THIS MATTER MAY PROCEED TO FINAL
   JUDGEMENT.

4. FURTHER AFFIANT SAYETH NOT.

_____
Adlin R. Santiago

SWORN TO AND SUBSCRIBED BEFORE ME THIS 11th DAY OF August, 2011

_____
NOTARY PUBLIC, STATE OF FLORIDA

KIMBERLY F. CHEELEY
Comm# DD0842864
Expires 12/3/2012
Florida Notary Assn., Inc

## AFFIDAVIT OF SERVICE

State of Florida                    County of Broward                    Civil Court

Case Number: 11-0145 (18)

Plaintiff:
**Safeguard Support Services, Inc.**
vs.
Defendant:
**Nationwide Referral Services, LLC, d/b/a National Legal Referral Service, a
foreign limited liability company, and Legal Helpers Debt Resolution, LLC, a
foreign limited liability company, a/k/a Macey, Aleman, Hyslip & Searns**

2011009665

For: Bradley Tobin
    Feldman, Fox & Morgado, P.A.

Received by Tropical Surveillance and Investigations on the 22nd day of April, 2011 at 2:43 pm to be served on Nationwide Referral Services, LLC c/o Janice Lembo, General Partner, 30 Park Rd., (possibly Ste. 3), Tinton Falls, Monmouth County, NJ 07724-9793. I, _Alan Lewis_, being duly sworn, depose and say that on the _20th_ day of _May_, 20 _11_ at _4:40_ p.m., executed service by delivering a true copy of the Summons and Complaint and Demand for Jury Trial in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____.

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

(X) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes  or  ( ) No   If yes, what branch? _____

Marital Status: ( ) Married  or  ( ) Single   Name of Spouse _____

Description of person accepting service:
Sex:____ Age:____ Height:____ Weight:____ Race:____ Hair Color:_____ Glasses: Y/N

The service, date, time, my initials and/or name, and identification number, if required by state statute, were listed on the document(s) served.

COMMENTS: Attempted Service - Office located Here is "Customer Care Legal Helpers" Per Gloria (Receptionist) F-56-W-5'5-160- Brown Hair, Stated Defendant is unknown at this location.



## AFFIDAVIT OF SERVICE for 11-0145 (18)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

F.S. 92.525, UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THE FACTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE.

Subscribed and Sworn to before me on the 25th day of
May 2011 by the affiant who is personally
known to me.

NOTARY PUBLIC

KRISTY L. EBERT
I.D. # 2393108
NOTARY PUBLIC OF NEW JERSEY
My Commission Expires 2/4/2015

PROCESS SERVER # _____
Appointed in accordance with State Statutes

Tropical Surveillance and Investigations
P.O. Box 10961
Tampa, FL 33679
(813) 258-8885

Our Job Serial Number: 2011009665

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4p

# RETURN OF SERVICE

*N/S*

*KE Route*
*file only* ✓

| State of Florida | County of Broward | Civil Court |
|---|---|---|

Case Number: 11-0145 (18)

Plaintiff:
**Safeguard Support Services, Inc.**
vs.
Defendant:
**Nationwide Referral Services, LLC, d/b/a National Legal Referral Service, a foreign limited liability company, and Legal Helpers Debt Resolution, LLC, a foreign limited liability company, a/k/a Macey, Aleman, Hyslip & Searns**

**2011009665**

For: Bradley Tobin
   Feldman, Fox & Morgado, P.A.

Received by Tropical Surveillance and Investigations on the 22nd day of April, 2011 at 2:43 pm to be served on **Nationwide Referral Services, LLC c/o Janice Lembo, General Partner, 3021 NE 46th Street, Ft. Lauderdale, Broward County, FL 33308.** I, ___Katherine Font___, do hereby affirm that on the _18_ day of _MAY_, 20_11_ at _10:26_ am., executed service by delivering a true copy of the **Summons and Complaint and Demand for Jury Trial** in accordance with state statutes in the manner marked below:

( ) INDIVIDUAL SERVICE: Served the within-named person.

( ) SUBSTITUTE SERVICE: By serving _____ as
_____

( ) POSTED SERVICE: After attempting service on ___/___ at _____ and on ___/___ at _____ to a conspicuous place on the property described herein.

(X) NON SERVICE: For the reason detailed in the Comments below.

Military Status: ( ) Yes  or  ( ) No   If yes, what branch? _____

Marital Status: ( ) Married  or  ( ) Single   Name of Spouse _____

Description of person accepting service:
Sex:___ Age:_____ Height:_____ Weight:_____ Race:_____ Hair Color:_____ Glasses: Y/N

The service, date, time, my initials and/or name, and identification number, if required by state statute, were listed on the document(s) served.

**COMMENTS:** *After several attempts made since 5/05, no answer, car in driveway. TAC #514 WVK – left several notes, no calls back.*



## RETURN OF SERVICE for 11-0145 (18)

I certify that I have no interest in the above action, am of legal age and have proper authority in the jurisdiction in which this service was made.

F.S. 92.525, UNDER PENALTIES OF PERJURY, I DECLARE THAT I HAVE READ THE FOREGOING (DOCUMENT) AND THE FACTS IN IT ARE TRUE TO THE BEST OF MY KNOWLEDGE.

PROCESS SERVER # _____920_____
Appointed in accordance with State Statutes

**Tropical Surveillance and Investigations**
**P.O. Box 10961**
**Tampa, FL 33679**
**(813) 258-8885**

Our Job Serial Number: 2011009665

Copyright © 1992-2011 Database Services, Inc. - Process Server's Toolbox V6.4k

9665

**BROWARD COUNTY SHERIFF'S OFFICE**
P.O. BOX 9507 FORT LAUDERDALE, FLORIDA 33310

**RETURN OF SERVICE**

| | | Service Sheet # | |
|---|---|---|---|
| 10332 C/O - JANICE LEMBO, GENERAL PARTNER | | | 11-034184 |

SAFEGUARD SUPPORT S., INC. vs. NATIONWIDE R.S., LLC, ET AL     11-10145-18

| SUM/COMPLAINT | vs. | CIRCUIT/BROWARD | DEFENDANT | 11-10145-18 CASE |
|---|---|---|---|---|
| TYPE OF WRIT | | COURT | | HEARING DATE |

NATIONWIDE REFERRAL SERVICES, LLC   SERVE   2821 NE 48TH STREET
FT. LAUDERDALE, FL 33308

Received this process on
**6/13/2011**
Date

333218
TROPICAL SURVEILLANCE AND INVESTIGATIONS
P.O. BOX 10981
TAMPA, FL 33679

☐ Served

☒ Not Served / see comments
7/11/11    at   1110
Date      Time

16042
Attorney

NATIONWIDE REFERRAL SERVICES, LLC   in Broward County, Florida, by serving the within named person a true copy of the writ, with the date and time of service endorsed thereon by me, and a copy of the complaint, petition, or initial pleading, by the following method:

☐ **INDIVIDUAL SERVICE**

**SUBSTITUTE SERVICE:**
☐ At the defendant's usual place of abode on "any person residing therein who is 15 years of age or older" to wit:
_____ in accordance with F.S. 48.031(1)(a)

☐ To _____ the defendant's spouse, at _____ in accordance with F.S. 48.031(2)(a)

☐ To _____ the person in charge of the defendant's business in accordance with F.S. 48.031(2)(b) after two or more attempts to serve the defendant have been made at the place of business

**CORPORATE SERVICE:**
☐ To _____ holding the following position of said corporation _____ in the absence of any superior officer in accordance with F.S. 48.081

☐ To _____ an employee of defendant corporation in accordance with F.S. 48.081(3)

☐ To _____ as resident agent of said corporation in accordance with F.S. 48.091

☐ **PARTNERSHIP SERVICE:** To _____ partner, or to _____ designated employee or person in charge of partnership, in accordance with F.S. 48.061(1)

☐ **POSTED RESIDENTIAL:** By attaching a true copy to a conspicuous place on the property described in the complaint or summons. Neither the tenant nor a person residing therein 15 years of age or older could be found at the defendant's usual place of abode in accordance with F.S. 48.183.
1st attempt date/time _____    2nd attempt date/time _____

☐ **POSTED COMMERCIAL:** By attaching a true copy to a conspicuous place on the property in accordance with F.S. 48.183.
1st attempt date/time _____    2nd attempt date/time _____

☐ **OTHER RETURNS:** See comments

COMMENTS: 6/27 148 No Ones 6/28 1327 n/m 6/30 1005 n/a card
Still on Door. Hurricane Shutters Down. 7/1 1377 No
Send Back per Plaintiff 7/11/11 1110 Kathy 813-258-8885

You can now check the status of your writ
by visiting the Broward Sheriff's Office
Website at www.sheriff.org and clicking
on the icon "Service Inquiry"

AL LAMBERTI, SHERIFF
BROWARD COUNTY, FLORIDA

BY: _____ 10332 D.S.
R. Khan

**ATTORNEY'S COPY**

*9665*

**18**

### IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
### INA ND FOR BROWARD COUNTY, FLORIDA
### CIRCUIT CIVIL DIVISION

SAFEGUARD SUPPORT SERVICES, INC.

      CASE NO:

      Plaintiff,

v.

      **1 1 - 1 0 1 4 5**

NATIONWIDE REFERRAL SERVICES, LLC,
d/b/a NATIONAL LEGAL REFERRAL
SERVICE, a foreign limited liability company,
and LEGAL HELPERS DEBT RESOLUTION,
LLC, a foreign limited liability company, a/k/a
MACEY, ALEMAN, HYSLIP & SEARNS,

      Defendants.

_____\

                    <u>**SUMMONS**</u>

**THE STATE OF FLORIDA:**
To Each Sheriff of the State:

      **YOU ARE COMMANDED** to serve this summons and a copy of the complaint or petition in this action on defendant(s):

      NATIONWIDE REFERRAL SERVICES, LLC.
c/o Janice Lembo, General Partner
3021 NE 46th Street
Ft. Lauderdale, Florida 33308

      Each defendant is required to serve written defenses to the complaint or petition on **BRADLEY A. TOBIN, Esq.**, Plaintiff's attorney, whose address is **2701 N. Rocky Point Dr., Island Center, Ste. 1000, Tampa, FL 33607**, within **20**[1] days after service of this summons on that defendant, exclusive of the day of service, and to file the original of the defenses with the clerk of this court either before service on Plaintiff's attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint or petition.

      **DATED on** <u>MAY 02 2011</u>



HOWA~~RD~~ ~~C.~~ FORMAN
As Cler~~k~~ ~~of~~ ~~the~~ Court

By: _____
As De~~puty~~ Clerk
(954) 8~~__-____~~

---

[1] Except when suit is brought pursuant to section 768.28, Florida Statutes, if the State of Florida, one of its agencies, or one of its officials or employees sued in his or her official capacity is a defendant, the time to be inserted as to it is 40 days. When suit is brought pursuant to section 768.28, Florida Statutes, the time to be inserted is 30 days.



# IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY, FLORIDA
### CIRCUIT CIVIL DIVISION

SAFEGUARD SUPPORT SERVICES, LLC,

        Plaintiff,

                         CASE NO.   11-10145

v.

NATIONWIDE REFERRAL SERVICES, LLC,        DATE:  August 8, 2011
d/b/a NATIONAL LEGAL REFERRAL SERVICE,
a foreign limited liability company, and
LEGAL HELPERS DEBT RESOLUTION, LLC,
a foreign limited liability company,
a/k/a MACEY, ALEMAN, HYSLIP & SEARNS,

        Defendants.

## NOTICE OF CANCELLATION OF HEARING

**To:**    **LEGAL HELPERS DEBT RESOLUTION, LLC.**
        c/o Jonathan C. Brown, Esq.
        **GREENSPOON MARDER, P.A**

    **PLEASE TAKE NOTICE** that the undersigned attorney for Safeguard Support Services, Inc., has cancelled the following hearing:

    DATE:          Tuesday, August 9, 2011

    TIME:          8:45 a.m. (Motion Calendar)

    TO BE HEARD:   Defendant's Legal Helpers Debt Resolution, LLC,
                   Motion for Extension of Time

                         BRADLEY A. TOBIN, ESQ.
                         Fla. Bar No. 0101818
                         btobin@ffmlawgroup.com
                         **FELDMAN, FOX & MORGADO, P.A.**
                         2701 N. Rocky Point Drive, Suite 1000
                         Tampa, Florida 33607
                         Phone:  (813) 639-9366 / Fax:  (813) 639-9376
                         *Attorney(s) for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a copy of the above titled document has been served upon counsel for the Defendant, Legal Helpers Debt Resolution, LLC,

Jonathan C. Brown, Esq.
**GREENSPOON MARDER, P.A.**
Trade Centre South, Suite 700
100 West Cypress Creek Road
Fort Lauderdale, Florida 33309
Email: Jonathan.Brown@gmlaw.com

via U.S. Mail and E-mail this 8th day of August, 2011.

BRADLEY A. TOBIN, ESQ.
Fla. Bar No. 0101818



IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR BROWARD
COUNTY, FLORIDA

CIVIL DIVISION

CASE NO. 11-10145



SAFEGUARD SUPPORT SERVICES, LLC,

        Plaintiff,

vs.

NATIONWIDE REFERRAL SERVICES, LLC,
d/b/a NATIONAL LEGAL REFERRAL SERVICE,
a foreign limited liability company, and LEGAL
HELPERS DEBT RESOLUTION, LLC, a foreign
limited liability company, a/k/a MACEY, ALEMAN,
HYSLIP & SEARNS,

        Defendants.

_____/

### DEFENDANT'S LEGAL HELPERS DEBT RESOLUTION, LLC MOTION TO STRIKE PLAINTIFF'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES
#### (Incorporating Memorandum of Law)

    Defendant LEGAL HELPERS DEBT RESOLUTION, LLC ("LHDR") moves to strike

Plaintiff SAFEGUARD SUPPORT SERVICES, LLC's ("Safeguard") requests for awards of

attorneys' fees in the Complaint. As Safeguard does not provide a contractual or statutory basis

upon which this Court may award fees, the Court must enter an order striking all fees requests in

the Complaint.

    1.    Safeguard alleges the following claims against LHDR: 1) negligent

representation; 2) breach of third-party beneficiary contract; 3) breach of fiduciary duty; 4)

conversion; 5) unjust enrichment; 6) civil conspiracy; 7) accounting; 8) declaratory judgment;

and 9) quantum meruit.

2.      In the prayer for relief for each of these nine (9) counts, Safeguard requests attorneys' fees from LHDR.

3.      Since Safeguard has no basis to seek attorneys' fees under the causes of action alleged against LHDR, the Court must strike the requests from the Complaint.

## MEMORANDUM OF LAW

4.      Florida courts follow the common-law or so-called "American rule" regarding the right to recover attorney's fees from one's opponent in litigation: namely, the prevailing litigant ordinarily is not entitled to collect attorney's fees from the loser; rather, each party must bear the cost of their own attorneys. *Dade County v. Pena*, 664 So. 2d 959, 960 (Fla. 1995). Attorney's fees may only be awarded by a court pursuant to an entitling statute or an agreement of the parties. *Attorney's Title Ins. Fund, Inc. v. Landa-Posada,* 984 So.2d 641, 643 (Fla. 3d DCA 2008). Also, "[A]ttorney's fees cannot be awarded as a matter of equity." *Id.*

5.      Here, Safeguard seeks attorneys' fees for eight separate tort and equitable claims. As this relief may only be granted pursuant to statute or contract, the Court must strike Safeguard's prayers for fees in these counts.

6.      As for Safeguard's breach of third-party beneficiary contract claim, Plaintiff fails to plead or otherwise state how it is entitled to fees pursuant to this alleged agreement. Consequently, Safeguard's demand for attorneys' fees sets forth neither a statutory nor a contractual basis for such an award. *See, e.g., Fremont Indemnity Company v. Carey, Dwyer, Eckhart, Mason & Spring, P.A., etc., et al.,* 796 So. 2d 504, 506 (Fla. 2001) *citing Dade County v. Pena,* 664 So. 2d 959, 960 (Fla. 1995).

7.      Thus, Safeguard's nine (9) prayers for attorneys' fees in connection with each of its nine (9) causes of action must be stricken.

**WHEREFORE,** Defendant Legal Helpers Debt Resolution, LLC respectfully requests that this Honorable Court enters an order striking all of Plaintiff's requests for attorneys' fees, and for all relief it deems just, equitable and proper.

GREENSPOON MARDER, P.A.
Attorneys for Legal Helpers Debt Resolution, LLC
100 W. Cypress Creek Road, Suite 700
Fort Lauderdale, FL 33309
Telephone No. 954-491-1120
Facsimile No. 954-343-6966

By _____
Richard W. Epstein
Florida Bar No. 229091
Rebecca F. Bratter
Florida Bar No. 685100
Jonathan C. Brown
Florida Bar No. 82148

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished this ____ day of August 2011 by US mail and Electronic Mail to Bradley Tobin, Esq., 2701 N. Rocky Point Dr., Suite 1000, Tampa, FL 33607 and at btobin@ffmlawgroup.com: Counsel for Safeguard.

_____
Jonathan C. Brown